**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**THE UNITED STATES OF AMERICA**

**Hon. Hugh B. Scott**

**v.**

**09CR47S**

**Decision**
**&**
**Order**

**Mario Kelly,**
**Nate Richardson, and**
**Joseph Anderson,**

**Defendants.**

Before the Court are the respective omnibus motions filed on behalf of defendants [1]

Mario Kelly ("Kelly") and Joseph Anderson ("Anderson")(Docket Nos. 35 and 37).[2]

**Background**

On February 11, 2009, the Grand Jury for the Western District of New York issued an

indictment charging Kelly with illegal possession of a firearm in violation of 18 U.S.C.

---

[1]   The government has also filed a motion seeking to compel the defendants to provide DNA samples (Docket No. 32). This motion has been resolved. See Docket Entry dated June 25, 2009. Thus, the Court need not further discuss this motion.

[2]   To the extent the instant motions seek suppression of evidence, such issues are the subject of a separate Report & Recommendation.

1

§§922(g)(1) and 924(a)(2) [Counts One and Two ].  The indictment charges Anderson with illegal possession of a firearm in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2) [Count Four]. Further, the indictment charges both Kelly and Anderson of possession of a firearm from which the manufacturer's serial number had been removed, obliterated and altered in violation of 18 U.S.C. §§922(k), 924(a)(1)(B) and 2 [Count Five].[3]

## Discovery

The defendants have set forth a variety of items sought by way of pretrial discovery in this matter. It appears that the government has provided voluntary discovery in this matter. The parties have not advised the Court of any specific outstanding issues at this time. To the extent the government becomes aware of additional material that should have been produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, such information must be disclosed.

## Brady and Jencks Material

The defendants seek the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.  Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.  Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all

---

[3]  Count Three of the indictment relates to defendant Nate Richardson.  Richardson is also named in Count Five. The indictment also seeks forfeiture of the firearms in question [Count Six].

records and information revealing prior misconduct ... attributed to the [government's] witness."

U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendants also seek disclosure of the

statements of witnesses under the Jencks Act (15 U.S.C. §3500).

Neither the Supreme Court, nor the Second Circuit[4], have ruled directly on whether

there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady"

materials for purposes relating to the time within which such information must be disclosed.

Several other courts have discussed the issue at hand, which often arises in the context of a

potential, if not inherent conflict between the government's obligations to disclose under Brady,

and the governments right to delay disclosure of certain information pursuant to the Jencks Act.

Those cases suggest that the court has some discretion with respect to directing the timing of

such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted

Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez,

870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due

process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein,

601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure

of Brady material, as long as disclosure is made before it is too late for the defendant to make use

of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983)

(impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790

(S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same

time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is

---

[4]    In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second
Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under
Brady be made before trial."

sufficient for the government to disclose <u>Brady</u> impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under <u>Brady</u> principles. To this extent, it has been suggested that the constitutional requirements underlying <u>Brady</u> could act to modify the Jencks Act. <u>U.S. v. Campagnuolo</u>, 592 F.2d 852, 860 (5th Cir. 1979). But see <u>U.S. v. Presser</u>, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of <u>Brady</u> or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both <u>Brady</u> and Jencks material. Certainly "impeachment <u>Brady</u>" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie <u>Brady</u> mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined <u>Brady</u>/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." <u>U.S. v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974); <u>U.S. V. Green</u>, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists, in accordance with the

common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair opportunity to utilize the information at trial) is sufficient.

## Motion to Sever Counts

Defendant Kelly seeks severance of counts, alleging that the two gun charges are separate and require separate trials. The defendant also seeks a trial separate from the other defendants in this case. Such motions are more appropriately heard and determined by the trial court, which is in the best position to rule on the issues presented. See United States v. Hennings, 1997 WL 714250 (W.D.N.Y. 1997); United States v. Vona, 842 F.Supp. 1534 (W.D.N.Y. 1994).

## Rule 404, 608 and 609 Evidence

Kelly requests disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). The defendant also requests disclosure pursuant to Federal Rules of Evidence 608 and 609 of all evidence of prior bad acts that the government intends to use for impeachment purposes should they testify at trial.

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." To the extent that the government intends to use evidence of any such prior bad act in its case in chief, the government shall produce all Rule 404(b) evidence as directed by the District Court in the trial order.

With respect to the defendant's requests under Rules 608 and 609, the only notice

requirement imposed by either applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement. The government has no obligation to provide the defendants with notice of any material that will be used to impeach him pursuant to Rule 608 should he elect to testify. See United States  v. Livoti, 8 F.Supp.2d 246 (S.D.N.Y. 1998);  United States v. Song, 1995 WL 736872, at *7 (S.D.N.Y. Dec.13, 1995).

### Identity of Informants

Defendant Kelly also seeks the pre-trial disclosure of the identity of any informants in this case. The government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Nor does Rule 16 require the government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990).

The defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense. This request is denied.

### Preservation of Evidence and Rough Notes

Kelly has requested the preservation of rough notes and other evidence taken by law

enforcement agents involved.  The government is directed to preserve such information.


### Joinder in Co-Defendant's Motions

The respective defendants seeks leave to join in any motions filed by his co-defendant.

Leave to join is granted.


### Conclusion

For the reasons stated above, the respective omnibus motions are  GRANTED IN PART

AND DENIED IN PART consistent with the above.

So Ordered.


_____

_____/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
August 26, 2009